Dear Mr. Perez:
You requested an Attorney General's opinion regarding the Louisiana Developmental Disabilities Council ("Council"). You indicate that the Council contracts with various organizations to perform functions for the Council relating to the Council's purposes. La. R.S. 43:31(D) prohibits state agencies from using funds to lobby for or against any proposition having the effect of law being considered by the legislature. The department contract forms contain language reflecting these prohibitions. Contractors are advised that they are not to bill the Council for time spent signing a card at a committee hearing, speaking to a legislator, or testifying in support of or in opposition to a piece of legislation.
You question whether the remainder of time spent by contractors at the Capitol, not engaged in lobbying activities, can be billable under their state contracts. You advise that those activities specifically include providing information to individuals with disabilities and family members, supporting these individuals to participate in the legislative process, and, as many of them are individuals with disabilities and family members themselves, listening and learning from the information that is shared in committee meetings or through other forums.
As you noted, R.S. 43:31(D) prohibits state agencies from using funds to lobby for or against any proposition having the effect of law being considered by the legislature. R.S. 43:31(D) provides:
 D. No branch, department, agency, official, employee, or other entity of state government shall expend funds of, administered by, or under the control of any branch, department, agency, employee, official, or other entity of state government to print material or otherwise to urge any elector to vote for or against any candidate or proposition on an election ballot nor shall such funds be used to lobby for or against any proposition or matter having the effect of law being considered by the legislature or any local governing authority. This provision shall not prevent the normal dissemination of factual information relative to a proposition on any election ballot or a proposition or matter having the effect of law being considered by the legislature or any local governing authority.
The statute makes clear that providing strictly factual information in support of the legislative process is not forbidden. As such, providing factual information to individuals with disabilities, or their families, is not prohibited by the statute. La. R.S. 24:51(4) defines "Lobbying" or "to lobby" as "any direct act or communication with a legislator, the purpose of which is to aid in influencing the passage or defeat of any legislation." Listening and gathering information from committee meetings or other forums would not fall within the definition of "lobbying", provided the contractors do not attempt to communicate with legislators regarding any legislation. However, supporting individuals to participate in the legislative process may be prohibited under the statute, depending on what this entails. Whether such activity falls within the definition of "lobbying" is a factual determination that must be made on a case by case basis. Any actions which are direct acts taken to aid in influencing the passage or defeat of any legislation would be prohibited, and can not be billed by the contractors.
Trusting this adequately responds to your request, we remain
Yours very truly,
CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ___________________ KENNETH L. ROCHE, III Assistant Attorney General